# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DEMARCUS C. MCCALL, JR.** | **CIVIL ACTION NO. 20-1095-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **CADDO PARISH, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court are a civil rights complaint filed in forma pauperis by pro se plaintiff DeMarcus C. McCall, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 19, 2020. Plaintiff claims his civil rights were violated by police officials. He names Caddo Parish, Ben Raymond, Amy Mueller, and D. Jackson as defendants.

Plaintiff claims Caddo Parish has failed to intervene in a deprivation of his rights under the color of law. He claims specifically that Ben Raymond and Amy Mueller have failed to intervene. He claims Defendants are also guilty of being an accessory after the fact. He claims the Secretary of the Shreveport Police lied about internal affairs. He claims Defendants also committed other crimes including obstruction of justice, police intimidation, aiding terrorism, compounding a felony, and perjury.

Plaintiff claims police officers have a constitutional duty to ensure that the laws are faithfully executed. He claims police officers escape prosecution from a deprivation of rights under the color of law. He claims this insinuates that the defense of prosecution is unlawful. He claims there is a two-year prescription on criminal acts and every action stems from criminal conspiracy. He claims that if there is not controverting evidence, Defendants will be cited for a failure to intervene based on the effect of presumptions. He claims Lt. Amy Mueller is a key witness. He claims Chief of Police Ben Raymond is a depositional witness. He claims D. Jackson is a lead witness.

Plaintiff claims any person affiliated with such juridical persons should be decreed syndicate witnesses or suspect witnesses. He claims the witnesses should decide their position of complainant, suspect, or arbitrator. He claims evidence that is contrary to the malfeasance report should be admitted and all other evidence should be considered acts of criminal conspiracy. He claims that if there is controverting evidence by the effect of presumptions, the motion to suppress, deposition, insinuating body of presumption, and affirmative action should be referenced.

Plaintiff claims the basis for the citation is action 1 (accessory after the fact.) He claims Jackson was delinquent during the attempted murder investigation. He claims there was no signed affidavit and no bench warrant was issued. He claims she never interrogated any witnesses. He does not believe officers ever found a crime scene. He claims these are all grounds for malfeasance in office.

Plaintiff claims Chief Alan Crump's secretary is the first cited for obstruction of justice. He claims she lied to him about Internal Affairs. He claims this led to intimidation

by the police when a fellow detective threatened him while aiding others in terrorism, compounding a felony, and committing the act of defamation. He claims Defendant's witness also committed a deprivation of rights under the color of state, false imprisonment, and perjury.

Plaintiff claims the aggressor cannot claim self-defense and the laws of preservation of public interest doctrines. He claims the definition of aggressor is criminal law and is defined as he who begins a quarrel or dispute either by threatening or striking another. Plaintiff claims no man may strike another because he has threatened or used words. He claims criminal anarchy is evident. Plaintiff claims his Fourteenth Amendment rights are compromised and there has to be some form of corrupt influencing, jury tampering, and/or jury misconduct that he does not have the power to investigate. He claims any attempt to change the law is an ex post facto act and the personal damage is against him. Plaintiff claims the Shreveport Police Department is being cited for a failure to intervene on the grounds of defense of prosecution, being unlawful, and ignorance of the law.

Plaintiff asks that in the event of perjury, all information contradicting criminal statutes be deemed inadmissible. He claims any evidence presented by the defense is unconstitutional because the statute defines defense of prosecution as unlawful. He claims the only evidence deemed admissible is where the offender reasonably relied on the act of the legislature in repealing an existing criminal provision or purporting to make the offender's conduct lawful or where the offender reasonably relied on a final judgment of a competent court of last resort that a provision criminalizing the conduct in question was unconstitutional.

Plaintiff wants the body cam footage of his actions and any excess collusion between the Defendants in both cases. He also seeks copies of police reports.

Plaintiff claims affirmative action stems from the oath of office, and it should be read as evidence. He claims every contrary action stems from criminal conspiracy. He claims Lt. Amy Mueller, who has premises over key internal affairs information, has violated her constitutional oath to execute her office and to preserve, protect, and defend the United States Constitution. He claims Mueller has violated her constitutional duty to ensure that the laws are faithfully executed. He claims Mueller has prevented, obstructed, and impeded the administration of justice.

Plaintiff claims that from prior to January 1, 2019 to the present, Mueller allowed Ben Raymond to violate his constitutional oath to faithfully execute his office to preserve, protect, and defend the United States Constitution. He claims Raymond has violated his constitutional duty to ensure that the laws are faithfully executed. He claims Raymond has prevented, obstructed, and impeded the administration of justice. He claims Raymond has allowed other juridical persons who have premises over syndicate information to violate their constitutional oath to faithfully execute the office of Shreveport Police to preserve, protect, and defend the United States Constitution. He claims they have violated their constitutional duty to ensure that the laws are faithfully executed. He claims they have prevented, obstructed, and impeded the administration of justice.

Plaintiff claims that from September 20 to September 26, 2018, Raymond allowed Jackson who has premises over lead information to violate her constitutional oath to faithfully execute the office of Shreveport Police and to preserve, protect, and defend the

United States Constitution. He claims she has violated her constitutional duty to ensure that the laws are faithfully executed. He claims she has prevented, obstructed, and impeded the administration of justice. He claims that from September 13 through September 25, she allowed other juridical persons who have premises over suspect information to violate their constitutional oath to faithfully execute the office of Shreveport Police to preserve, protect, and defend the United States Constitution. He claims they have violated their constitutional duty to ensure that the laws are faithfully executed. He claims they have prevented, obstructed, and impeded the administration of justice. He claims Defendants will be cited for failure to intervene.

Accordingly, Plaintiff seeks monetary compensation, punitive damages, an injunction, and cost of legal fees.

## LAW AND ANALYSIS

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. His sweeping, conclusory accusations fail to state any claim.

Accordingly, Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of March, 2023.

*/s/ Mark L. Hornsby*
Mark L. Hornsby
U.S. Magistrate Judge